## DANIEL F. FOLEY AND MARY GLEESON FOLEY v. FRANK P. PILCHER AND HILMA HOLM.[1]

November 18, 1921.

No. 22,496.

**Vendor and purchaser — completion of house in workmanlike manner.**
1. A contract of a vendor to "complete as agreed" a house under construction on the premises sold, *held* to contemplate completion of the house in a workmanlike manner, notwithstanding the fact that a separate memorandum was made as to some things that were to be done.

**Same — reconstruction of defective roof.**
2. If the roof and basement floor were wholly worthless, the contract contemplated new construction.

**Parol evidence admissible to explain ambiguous memorandum.**
3. The contention of both parties as to one item departed from the terms of the memorandum. The memorandum was ambiguous. The court properly received the oral testimony of plaintiffs on this point.

[1]Reported in 185 N. W. 652.

Action in the municipal court of Minneapolis to recover $950 for breach of contract. The answer alleged that defendants had fully complied with all the terms and conditions of the contract on their part, and that the house had been finished in a good and workmanlike manner. The case was tried before Baldwin, J., and a jury which returned a verdict for $400. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Walter S. Whiton,* for appellants.

*Daniel F. Foley,* for respondent.

HALLAM, J.

This is an action by plaintiffs to recover damages for breach of contract. Defendant Holm owned a dwelling house in process of construction. Through defendant Pilcher she negotiated a sale to plaintiff. The contract of sale contained this language: "The lot to be graded and front seeded to grass, and the house completed as agreed except as to the papering or decorating, and the gas and electric fixtures and the second floor. Nothing to be done or finished on the second floor in any manner." At or about the same time a memorandum was made of certain things which were to be done. The memorandum was not signed. Defendant Pilcher, in his testimony says with reference to it, "that was a memorandum Mr. Foley wrote up himself to joggle our memory in regard to a few things." Among the items mentioned are "basement to be finished" and "front to be brick veneered." The signed contract makes no reference to this memorandum but plaintiff Daniel Foley testified that it should be properly a part of the preliminary contract. Plaintiff's claim of damage refers in part to failure to complete some of the items mentioned in the memorandum and in part to failure in other respects to complete the building in a workmanlike manner. The jury found a verdict for plaintiff in the sum of $400. Defendant appeals.

No question is made that both defendants are bound by the contract and we do not discuss that question.

Defendants contend that the court erred in admitting evidence of the faulty construction of the house as to matters not included in the mem-

orandum. We are of the opinion that this contention is not well taken. The whole transaction was very informal, but we are disposed to construe the contract as a contract not only to do the specific things mentiond in the memorandum, but otherwise to complete the building in a workmanlike manner. The record shows that the building was far from completion at the time the contract was made. We think it clear that defendants would not have been justified in leaving it in its then unfinished condition. It would appear that the parties themselves gave to the contract this practical construction and that defendants did continue the completion of the house after the contract was made.

2. The items of damage include $88 for a new roof and $97 for a new floor in the basement. Defendants contend that these items of damage should not be allowed. The contention is that the roof and basement floor at most needed only alteration. The evidence on the part of plaintiffs is that both roof and basement floor were wholly worthless. As to the roof their testimony is that it was made of a composition that was wholly unserviceable. The contract contemplated a serviceable roof and basement floor and if they required new construction, then new construction was in contemplation of the contract.

3. As above stated the memorandum contained the item "front to be brick veneered" without further specification. Defendants contend that the agreement was that the front was to be brick veneered only to the top of the foundation. Plaintiffs contend that the agreement was that the brick veneer should go up to the windows on the first floor. The jury evidently accepted plaintiffs' version. If we are to be bound by the literal terms of the memorandum, it would seem that the whole front should be brick veneered. This is more than even plaintiffs contend for. The contention of both parties varies the terms of the memorandum. The memorandum was vague and ambiguous. We think the court properly received the testimony of the plaintiffs as to their version of the understanding, and that the jury was justified in accepting the testimony of plaintiff.

There was evidence from which the jury might find damages in the amount awarded.

Order affirmed.